**Mark DOGGETT and Carol Doggett, and their marital community; John E. Doggett, a single person; Elizabeth Foster (F/K/A Elizabeth Doggett); Amber Doggett, a single person, Meghan Doggett, a minor, Plaintiffs,**

v.

**Robert Ricardo PEREZ, individually and in his official capacity; Kenneth C. Badgley, individually and in his official capacity; City of Wenatchee, a municipal corporation; Roy Fore, individually and in his official capacity; Chelan County, a municipal corporation, Defendants.**

No. CS–02–282–AAM.

United States District Court, E.D. Washington.

Nov. 19, 2004.

Robert Craig Van Siclen, Tyler K. Firkins, Van, Siclen, Stocks & Firkins, Auburn, WA, for Plaintiffs.

Patrick G. McMahon, Carlson, McMahon & Sealby PLLC, Wenatchee, WA, John Francis Kennedy, Law Office of John Francis Kennedy, Gig Harbor, WA, for Defendants.

## ORDER GRANTING MOTION FOR SANCTIONS, IN PART

MCDONALD, Senior District Judge.

**BEFORE THE COURT** is the motion of defendants Perez, Badgley and the City of Wenatchee for "Imposition Of Sanctions And Reasonable Attorneys' Fees For Violation Of Fed.R.Civ.P. 11" (Ct.Rec.106).[1]

In an order dated February 27, 2004 (Ct. Rec.50), this court granted summary judgment to Perez, Badgley and City of Wenatchee on all of the claims asserted by plaintiff John Doggett (federal and state law claims) and all of the state law claims asserted by plaintiffs Mark and Carol Doggett, finding those claims barred by the applicable statutes of limitations. Defendants contend plaintiffs Mark and Carol Doggett, and their son John Doggett, as well as their counsel, should be sanctioned for pursuing claims that were clearly barred by the applicable statutes of limitations.

■ Counsel for the Doggetts is the same counsel who represents Ralph Gausvik in *Gausvik v. Perez*, CS–01–071–AAM. In *Gausvik*, this court held Mr. Gausvik's state law claims were barred by Washington's statutes of limitations (RCW 4.16.080(2) and RCW 4.16.100(1)). *Gausvik v. Perez*, 239 F.Supp.2d 1067, 1104–07 (E.D.Wash.2002)

and 239 F.Supp.2d 1108, 1121–25 (E.D.Wash. 2002). Mark and Carol Doggett advanced many of the same arguments which Mr. Gausvik unsuccessfully advanced in attempting to persuade the court their state law claims were not time-barred. Mr. Gausvik has appealed this court's decision on the limitations issue with regard to his state law claims. In light of that pending appeal, this court is hardly in a position to find that Mark and Carol Doggett pursued state law claims clearly time-barred and contrary to final, binding legal authority. Accordingly, there is no basis for sanctions with regard to the state law claims of Mark and Carol Doggett.

■ John Doggett's claims are a different story. There is no question his claims accrued no later than April 1995. The limitations period was tolled until September 12, 1998 when he reached the age of majority. RCW 4.16.190. Therefore, all of his claims expired either on September 12, 2000 (two year statute of limitations per RCW 4.16.100(1)) or September 12, 2001 (three year statute of limitations per RCW 4.16.080(2)), yet his claims were not filed in this court until August 6, 2002.

On February 9, 2004, plaintiffs' counsel, Robert C. Van Siclen, filed a "Report Re: Discovery" (Ct.Rec.40) in which he made the following statement:

I did not prepare answers to interrogatories for plaintiff John Doggett in view of the currently pending motion to dismiss his claim based on a statute of limitations defense. Although we have not filed a motion to dismiss John Doggett's causes of action, we believe that the defense motion to dismiss the same on grounds that the claim has expired under the applicable statute of limitations is meritorious. Defendants, pursuant to mutual agreement between the parties, have agreed to enter a stipulation and order dismissing all of John Doggett's claims . . . .

This February 9 filing was after defendants' counsel sent to plaintiffs' counsel on January 20 a copy of defendants' motion for

---

1. Plaintiffs' response to the motion is untimely. The court will, however, consider the response as there is no prejudice to defendants and further-

more, plaintiffs should be heard where the issue is the imposition of sanctions against them and their counsel.

sanctions in order to give plaintiffs' counsel an opportunity to withdraw John Doggett's claims, as required by Fed.R.Civ.P. 11(c)(1)(A). It was also after plaintiffs filed their brief in response to the motion to dismiss (February 2) which made no attempt to argue John Doggetts' claims were not time-barred.[2] Obviously, John Doggett's claims were not withdrawn before this court's February 27 order granting summary judgment to defendants with regard to the same. No stipulation for dismissal was submitted to the court. John Doggett did not file a motion for voluntary dismissal.

John Doggett's claims were legally frivolous when filed because they were clearly time-barred. There were no debatable issues about the extent of tolling. Nevertheless, plaintiffs' counsel decided to file those claims even though "it appeared that his claims against the Wenatchee defendants had expired based strictly on his age . . . ." (Declaration of Robert C. Van Siclen Re: Defendants' Request For Rule 11 Sanctions at p. 2). Mr. Van Siclen adds that "whether equitable tolling would apply and/or the affirmative defense of the running of the statute of limitations would be raised by defendants was yet to be seen." (*Id.*) There is no elaboration, legally or factually, of what this "equitable tolling" argument might have consisted. And the fact is that defendants did raise the statute of limitations defense and gave plaintiffs' counsel an opportunity to withdraw the claims, but they were not withdrawn. Not responding to the motion to dismiss, to the extent the motion was directed at John Doggett's claims, is not a withdrawal of those claims.

Mr. Van Siclen asserts that in order to preserve John Doggett's legal malpractice claim against his former attorney, his claims against the "Wenatchee defendants" (Perez, Badgley and City of Wenatchee) were filed. (Van Siclen Declaration at p. 3). No legal authority or rational explanation, however, is offered as to why filing clearly time-barred claims against the "Wenatchee defendants" was necessary to preserve any legal malpractice claim. Mr. Van Siclen says that after receipt of the January 20 letter from defen-

dants' counsel (which included the proposed motion for Rule 11 sanctions), he still desired to get a court ruling on John Doggett's claims "in order to avoid a claim or defense by John's former attorneys that he had failed to mitigate his damages." (*Id.*). Again, no legal authority is offered in support of this mitigation theory and the court fails to see how pursuing an obviously time-barred claim could ever be considered a reasonable mitigation effort. Moreover, what Mr. Van Siclen now says in his declaration appears contrary to what he stated in his February 9 report that a stipulation for dismissal would have been acceptable.

As noted above, defendants' motion to dismiss was filed before a copy of the motion for sanctions was served on plaintiffs' counsel. Accordingly, the court believes it is inappropriate to award defendants any fees and expenses incurred in preparing the motion to dismiss. Furthermore, there was nothing which defendants needed to address in their reply brief with regard to John Doggett since plaintiffs' response to the motion to dismiss said nothing about him. The court will, however, award reasonable fees and expenses incurred by defendants in preparing the motion for sanctions and in preparing the reply to plaintiffs' response to the motion for sanctions. These fees and expenses shall be paid by the law firm of Van Siclen, Stocks & Firkins for a violation of Fed.R.Civ.P. 11(b)(2)(claims not warranted by existing law). Per Fed.R.Civ.P. 11(c)(2)(A), this sanction cannot be assessed against John Doggett. Because the motion for sanctions is being granted only in part, defendants' counsel will be expected to offer a reasonable segregation of the time expended in seeking sanctions with regard to John Doggett's claims versus the time expended in seeking sanctions with regard to the claims of Mark and Carol Doggett.

Defendants' Motion for Sanctions (Ct.Rec. 106) is **GRANTED in part and DENIED in part** as set forth above. Within ten (10) days of the date of this order, defendants' counsel shall serve and file an itemization of fees and expenses incurred in preparing the motion

---

2. Defendants' motion to dismiss was filed January 14.

258

for sanctions and in replying to plaintiffs' response to the motion for sanctions.

Defendants' Motion To Strike The Declaration Of John Stocks (Ct.Rec.120) is **GRANTED** for the reasons set forth in defendants' memorandum in support of that motion. The information and exhibits presented by Mr. Stocks, in response to the motion for sanctions, are wholly irrelevant to whether sanctions should be assessed with regard to the counsels' prosecution of John Doggett's claims. Defendants are entitled to their reasonable fees and expenses incurred in bringing the Motion To Strike and shall include those in the aforementioned itemization of fees and expenses.

Finally, in consideration of their unwarranted contribution to the voluminous file in this case, the law firm of Van Siclen, Stocks & Firkins shall contribute $500 to the unappropriated fund of this court. This amount shall be paid within fifteen (15) days of the date of this order. Fed.R.Civ.P. 11(c)(2)(sanction may include an order to pay a penalty into the court).

**IT IS SO ORDERED.** The District Executive is directed to enter this order and forward copies of it to counsel.